IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANASTACIO B. PALAFOX, # N-33550, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-543-MJR |
| ) | |
| UNKNOWN PARTIES (Nurse Jane Doe ) | |
| And Officer John Doe), ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who is currently incarcerated at Stateville Correctional Center ("Stateville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff is serving a 45-year sentence for home invasion and a five-year sentence for aggravated battery. He claims that the Defendants were deliberately indifferent to his serious medical condition.

More specifically, Plaintiff states that while he was in segregation and supposedly under a 30-minute watch after declaring a hunger strike, he fell and struck his head on a steel bunk (Doc. 1, p. 6). For two days prior to this injury, Plaintiff had complained to the Defendants that he felt dizzy and ill, but they refused to get him any medical examination or treatment. After he fell, he lay on the floor bleeding for at least an hour before he was found and medical assistance was summoned (Doc. 1, p. 7).

By way of background, Plaintiff explains that he was placed in segregation on December 26, 2012, after being charged with a disciplinary infraction for sexual misconduct

...
...

(Doc. 1, p. 5).  A female officer had observed Plaintiff in the shower area and claimed he was masturbating.  Plaintiff denied this, and stated he was merely putting lotion on his body after showering.  He protests that female officers should not be allowed to observe or monitor male prisoners in the shower areas.  Upon being moved to segregation, Plaintiff declared his hunger strike to protest the "false charges of sexual misconduct" (Doc. 1, p. 6).  He was found guilty of the infraction on December 30, 2012, and was punished with six months in "control segregation" and a transfer to a maximum security prison.

In the complaint, Plaintiff states specifically that he did not bring this lawsuit to challenge the disciplinary action or his punishment, but instead seeks redress only for the injuries he suffered from the fall in segregation before his transfer.  *Id*.  At the time he fell, Plaintiff had been on hunger strike for two days.  A doctor had ordered the 30-minute watch.  Despite making several requests for medical care for his dizziness and sick feeling, the two Jane/John Doe Defendants told Plaintiff, "We don't treat prisoners who go on hunger strikes . . . you can die for all we care" (Doc. 1, p. 6).  They ignored his complaints and the 30-minute watch order.  As a result, Plaintiff suffered a head wound, bleeding, and pain.  He continues to suffer from headaches.  He seeks compensatory and punitive damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against both Defendants (Jane Doe Nurse and John Doe Officer) for deliberate indifference to his medical needs on or about December 26-28, 2012,

in that they ignored the risk to Plaintiff's health from his reported dizziness during the hunger strike, and disregarded the 30-minute watch orders, which delayed discovery of Plaintiff's fall and treatment for his head injury.

"A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). However, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). At this stage of the litigation, Plaintiff has sufficiently pled a deliberate indifference claim against the Jane and John Doe Defendants.

Because Plaintiff does not challenge the events leading to his disciplinary charges or the punishment imposed upon him, those matters shall not be addressed herein. In any case, it does not appear that these facts raise any viable constitutional claim.

In order for Plaintiff to proceed with his deliberate indifference claims against the Unknown Defendants, he must identify them by name in an amended complaint. To this end, the Court shall add the Warden of Pinckneyville Correctional Center as a party to this action, in his official capacity only. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555-56 (7th Cir. 1996) (collecting cases) (courts may employ

various means to assist pro se prisoner in identifying parties who may have violated his rights). Plaintiff may then direct discovery to the Warden.

Plaintiff shall note that although the Warden will be named as a party Defendant at this time, he cannot be held liable as a supervisor for the allegedly unconstitutional acts of his subordinate employees.  The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville*, 266 F.3d at 740.

Further, Plaintiff is advised that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, an amended complaint must stand on its own, without reference to any other pleading.  Any exhibits to the complaint must also be re-filed along with an amended complaint.  An amended complaint shall be subject to a merits review pursuant to § 1915A.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) shall be **GRANTED IN PART AND DENIED IN PART.**  Service shall be ordered below on the Pinckneyville Warden.  However, service cannot be ordered on the Unknown Defendants until Plaintiff identifies them in an amended complaint.

**Disposition**

The Clerk is **DIRECTED** to add the following party Defendant:  **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER,** in his official capacity.

The Clerk of Court shall prepare for the Defendant **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any

paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 4, 2014**

*s/ Michael J. Reagan*
United States District Judge